UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD ALLEN KENDHAMMER,

    Petitioner,

v.

    Case No. 25-cv-1393-pp

TROY SMITH,

    Respondent.

**ORDER SCREENING PETITION (DKT. NO. 1) AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 3)**

On September 10, 2025, the petitioner, who currently is incarcerated at Dodge Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 judgment of conviction for first degree intentional homicide. Dkt. No. 1. He has paid the $5 filing fee. Along with his petition, the petitioner filed a motion for appointment of counsel. Dtk. No. 3. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and addresses the petitioner's motion for appointment of counsel.

**I.    Background**

A jury found the petitioner guilty of first-degree intentional homicide in the death of his wife. State v. Kendhammer, La Crosse County Circuit Court Case No. 2016CF909 (available at https://wcca.wicourts.gov). The court sentenced him to life in prison with eligibility for parole after thirty years. State

1

v. Kendhammer, Appeal No. 2022AP952-CR, 2024 WL 2861590, *1 (Wis. Ct. App. June 6, 2024). The petitioner filed a motion for postconviction relief; the circuit court held a three-day evidentiary hearing, then denied the motion. Id. The petitioner filed an appeal of the judgment of conviction and the order denying his motion for postconviction relief. Id.

On appeal, the petitioner argued that his counsel was ineffective in four respects: (1) failing to object to the circuit court's order that jurors be identified by their first names and juror numbers; (2) failing to investigate and present testimony from a forensic pathologist to rebut the State's case; (3) failing to retain or present a psychologist's testimony regarding the effect of trauma on his memories; and (4) failing to present exculpatory accident reenactment evidence and testimony on his theory that a metal pipe bounced off the road and into the car, killing his wife. Id. at 3. The Wisconsin Court of Appeals rejected the petitioner's claims that his trial attorneys were ineffective, as well as his argument that, even if they weren't ineffective, they failed to present important evidence. Id. at *11. The court of appeals concluded that the petitioner's attorneys made a strategic decision not to present "each such piece of 'important evidence' . . . in order, among other reasons, not to undermine his defense." Id. The court of appeals affirmed the petitioner's conviction and the trial court's denial of the petitioner's motion for post-conviction relief. Id. at *12.

On October 7, 2024, the Wisconsin Supreme Court denied the petitioner's petition for review. State v. Kendhammer, 15 N.W.3d 28 (Wis. Oct.

2

7, 2024) (Table). On February 24, 2025, the United States Supreme Court denied his petition for *certiorari*. Kendhammer v. Wisconsin, 145 S. Ct. 1179 (2025) (Mem.).

## II.     Rule 4 Screening

   A.     Standard

Rule 4 of the Rules Governing §2254 Cases states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

3

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, a petitioner incarcerated under a state court judgment must exhaust the remedies available in the state courts before the federal district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Petition

The petitioner raises four grounds for relief. First, he argues that his trial counsel was ineffective for failing to consult with or present a defense forensic pathologist. Id. at 6. He alleges that his wife died in a motor vehicle accident after a pipe flew through their windshield, but that the State argued that it was staged. The petitioner asserts that the cause and manner of death were a crucial issue that required a qualified forensic pathologist to rebut the State's

4

expert. Id. He explains that during his post-conviction proceedings, he retained a forensic pathologist who confirmed that the petitioner's wife's injuries were consistent with a motor vehicle accident and inconsistent with an intentional killing. Id. at 7.

Second, the petitioner argues that counsel was ineffective in failing to consult with or retain a trauma memory expert to rebut the State's "false myths about memory." Id. at 7. The petitioner asserts that he was traumatized by seeing his wife struck by the pipe and that he gave a brief description of the events to the officers at the scene. Id. A sergeant drove the petitioner to the hospital and asked him for more details. Id. The petitioner accuses the sergeant of leading him to say that the pipe flew through the air and hit the car without striking the ground, when the petitioner previously had told the officers that the pipe had bounced up of the road and flown through the windshield. Id. The petitioner believes that a memory expert could have explained the inconsistencies. Id.

Third, the petitioner argues that counsel was ineffective in failing to introduce the state patrol's video accident reenactments, which he says supported his defense. Id. at 8. According to the petitioner, the State conducted reenactments showing that, if the pipe had struck the road a certain way, it could have bounced up and struck the car as described. Id. The petitioner explains that at trial, the State argued that the "laws of physics and gravity made it impossible for a pipe to fly through air and strike car without bouncing first." Id. He complains that the jury didn't know that he first told the officers

5

about the bounce. Id. In addition, the petitioner asserts that counsel should have called witnesses to say that trucks "frequently hauled same type of pipe on that road, including well-drilling companies, at least one of which had a job nearby that day." Id.

Fourth, the petitioner argues that his right to due process and the presumption of innocence were violated "when the judge ordered an anonymous 'numbers' jury without cause and without a cautionary instruction to avoid prejudice" to him, and that his lawyers did not object. Id. at 9. He explains that the judge "on his own decided that the lawyers could not refer to potential jurors during jury selection by name, but only their juror seat number or first name." Id. He says the judge did this without "determining a strong reason to believe the jurors in [his] case needed protection and he did not explain to jurors why he took actions to protect their identities." Id. He suggests that this tainted the jurors' opinion of him and made them fear him because the jury didn't know why the judge was restricting that information. Id. The petitioner argues that this falls under the ineffective assistance of counsel umbrella because his counsel should have objected to "this prejudicial posture and did not demand steps to mitigate a negative impact of the jurors' opinions of [him]." Id.

The petitioner's ineffective-assistance-of-counsel claims are cognizable on *habeas* review. See Brown v. Brown, 847 F.3d 502 (7th Cir. 2017) (considering ineffective assistance of trial counsel claim on *habeas* review). The court will order the respondent to answer or otherwise respond to the petition.

6

### III. Motion to Appoint Counsel (Dkt. No. 3)

*Habeas* petitioners do not have a right to counsel. Wright v. West, 505 U.S. 277, 293 (1992). Under the Criminal Justice Act (CJA), a petitioner seeking *habeas* relief may be appointed counsel if such an appointment serves "the interests of justice" and the petitioner is "financially eligible." 18 U.S.C. §3006A(a)(2). The court may also appoint counsel under 28 U.S.C. §1915(e). When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

The petitioner says that his former counsel contacted Federal Defender Craig Albee, and that Albee said that Federal Defender Services of Wisconsin would represent the petitioner if ordered by the court. Dkt. No. 3 at 2. The petitioner references the affidavit of Attorney Jerome Buting, but that affidavit does not contain information about a conversation with Albee. Buting avers that he represented the petitioner in the state courts but cannot continue to represent him for financial reasons. Dkt. No. 2. Buting avers that between August 25 and 29, 2025, he spoke with Attorneys Rob Henak, Chris Donovan and Matthew Pinix but that none were in a position to take on *pro bono*

7

representation. Id. at ¶4. The petitioner does not identify attorneys he personally contacted, but he asserts that he has contacted "a number of attorneys proficient in criminal law" who would not take his case. Id. He says that he has exhausted his financial resources. Id.

At this point, the petitioner has cleared the initial procedural hurdles to bringing a *habeas* petition and it appears to the court that he has the capacity to clearly and cogently present his issues. The petitioner argues that the issues are "many and complex, including technical and medicolegal facts." Id. at 2. But he has included the lower court decisions with his filing and it appears that the issues have been fully briefed at the state court level. The court will deny the motion to appoint counsel without prejudice and will revisit the issue if necessary.

## IV.     Conclusion

The court **ORDERS** that the petitioner may proceed on his four ineffective-assistance-of-counsel claims.

The court **DENIES WITHOUT PREJUDICE** petitioner's motion for appointment of counsel. Dkt. No. 3.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date

of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 27th day of January, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**